# Supreme Court
## STATE OF LOUISIANA
### New Orleans

**CHIEF JUSTICE**
  BERNETTE J. JOHNSON — Seventh District
**JUSTICES**
  WILLIAM J. CRAIN — First District
  SCOTT J. CRICHTON — Second District
  JAMES T. GENOVESE — Third District
  MARCUS R. CLARK — Fourth District
  JEFFERSON D. HUGHES III — Fifth District
  JOHN L. WEIMER — Sixth District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

May 29, 2020

Hon. Scott S. Harris
Clerk, U.S. Supreme Court
Office of the Clerk
1 First Street, NE
Washington, D.C. 20543

20-1805

Re:   *In Re: P. David Carollo*
      Louisiana Bar Roll no. 03931
      La. Supreme Court docket no. 2020-B-00450

Dear Mr. Harris:

Enclosed please find a copy of the decision rendered by this Court in the above-entitled matter, which is self-explanatory. The case became final in this Court on **May 14, 2020.**

With kindest regards, I remain,

**TENDERED FOR FILING**

Very truly yours,

**JUN 25 2020**

John Tarlton Olivier
Clerk of Court

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

By:   Katie Marjanovic
      Chief Deputy Clerk

KM:pal
Enclosure
ccs:  Hon. Lyle W. Cayce, Clerk,
      U.S. Court of Appeals, Fifth Circuit
      Hon. William W. Blevins, USDC, Eastern District
      Hon. Michael McConnell, Clerk, USDC, Middle District
      Hon. Tony R. Moore, USDC, Western Dist.
      Charles B. Plattsmier, Disciplinary Counsel
      Michelle LaRose, Director of Finance, LSBA
      Donna Roberts, Administrator, Disciplinary Board
      U.S. Surface Transportation Board
      Regional Director, IRS
      Sandra Vujnovich, Judicial Administrator
      Scott T. Morris, Off. of General Counsel, Social Security Administration
      Cynthia Cotton, Notarial Division, Secretary of State Office
      Sheral Kellar, Asst. Secretary, Off. of Wrkrs. Comp. Admin.

      Hon. Rodd Naquin
      Clerk, 1st Circuit Ct. Of Appeal
      Hon. Lillian Evans Richie
      Clerk, 2nd Circuit Ct. Of Appeal
      Hon. Renee Simien
      Clerk, 3rd Circuit Ct. Of Appeal
      Hon. Justin I. Woods
      Clerk, 4th Circuit Ct. Of Appeal
      Hon. Curtis Pursell
      Clerk, 5th Circuit Ct. Of Appeal

**TENDERED FOR FILING**

**JUN 04 2020**

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

05/14/2020 "See News Release 017 for any Concurrences and/or Dissents."

# The Supreme Court of the State of Louisiana

**IN RE: P. DAVID CAROLLO**

No.2020-B-00450

------

IN RE: Disciplinary Counsel - Applicant Other; P. David Carollo - Applicant Other; Joint Petition for Consent Discipline;

------

**May 14, 2020**

Joint petition for consent discipline accepted. See per curiam.

                JHB
                BJJ
                JLW
                JDH
                SJC
                JTG
                WJC

Supreme Court of Louisiana
May 14, 2020

_____
Clerk of Court
For the Court

05/14/20

# SUPREME COURT OF LOUISIANA

# NO. 2020-B-0450

# IN RE: P. DAVID CAROLLO

## ATTORNEY DISCIPLINARY PROCEEDING

**PER CURIAM**

The Office of Disciplinary Counsel ("ODC") commenced an investigation into allegations that respondent mismanaged his client trust account. Prior to the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline in which respondent admitted that his conduct violated Rules 1.5(f)(3)(4) and 1.15(a)(b)(c) of the Rules of Professional Conduct. Having reviewed the petition,

IT IS ORDERED that the Petition for Consent Discipline be accepted and that Peter David Carollo, Louisiana Bar Roll number 3931, be suspended from the practice of law for a period of one year and one day. This suspension shall be deferred in its entirety, subject to respondent's successful completion of a two-year period of probation governed by the conditions set forth in the petition for consent discipline. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any misconduct during the probationary period may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.

IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

SUPREME COURT OF LOUISIANA

IN RE: CONFIDENTIAL PARTY

DOCKET NO.: _____

## JOINT PETITION FOR CONSENT DISCIPLINE
## PURSUANT TO RULE XIX § 20

NOW INTO THESE PROCEEDINGS comes the Office of Disciplinary Counsel (hereinafter "ODC") through undersigned Deputy Disciplinary Counsel and Respondent, P. DAVID CAROLLO (Bar Role No. 03931), who respectfully submit this Joint Petition for Consent Discipline pursuant to Supreme Court Rule XIX, Section 20, on the following basis, to wit:

I.

P. David Carollo (hereinafter "the Respondent") is a 70-year-old Louisiana licensed attorney who was admitted to the practice of law in Louisiana on October 7, 1977. Respondent received an Admonition in 2001 for violation of Rule 3.3(a) Candor toward the tribunal.

II.

Before the filing of formal charges, the Respondent expressed an interest in resolving this matter through consent discipline.

III.

All relevant facts pertaining of this matter are set forth in the *Joint Stipulation of Facts* accompanying this petition. However, for ease of consideration, a brief summary of facts follows:

On March 6, 2018, ODC received two overdraft notices from Capital One Bank related to the client trust account maintained by Respondent. The first overdraft made payable to Respondent for $120.00 was returned on February 22, 2018. The second overdraft made payable to Respondent for $1,408.00 was returned on February 23, 2018. The ODC opened a formal complaint and requested trust account documentation from Respondent on several occasions; however, all documentation requested by ODC was either not provided or deemed "not available" per the Respondent.

The ODC conducted an analysis of Respondent's trust account transactions for September 2017 through February of 2018, using all documentation available to ODC. According to the

1

ODC's audit, the Respondent commingled and converted the funds in his IOLTA client trust account and failed to properly document his records to ensure that he was managing his IOLTA trust account properly. The trust account was $435.99 short in order to honor the minimum balance at the end of the audit period; however, Respondent later earned and/or incurred the balance described, resolving the conversion. Respondent was also unable to provide support for hourly earnings and cost payments which results in potential for additional conversion. Respondent acknowledges commingling funds by depositing $14,259.00 of his own funds into the trust account to keep his business running while he was in the hospital and routinely allowed credit card processing fees to be debited directly from the trust account.

This matter does not involve any client or third-party complaints to the ODC regarding Respondent's handling of funds. No discernable harm to any client or third-party was detected in connection with ODC's investigation of these matters.

IV.

For purposes of this consent discipline Respondent conditionally admits that his conduct reflects violation of Rule 1.5(f)(3)(4) and Rule 1.15(a)(b)(c) of the Rules of Professional Conduct.

V.

On January 23, 2020, Respondent attended and successfully completed the LSBA's Trust Accounting School.

VI.

Pursuant to Rule XIX, Section 20, Respondent and the Office of the Disciplinary Counsel jointly propose the following sanction as appropriate discipline for the admitted misconduct in this matter: a one (1) year and one (1) day suspension, fully deferred, followed by two-years of probation subject to the following additional conditions: (a) regular audits of Respondent's IOLTA account during the period of probation to be performed by an accountant of Respondent's choosing, to be submitted semiannually to the Office of Disciplinary Counsel, in a format approved by ODC, with the cost and expense of the audits paid by Respondent; (b) Respondent agrees that any subsequent disciplinary complaints received by the ODC during the probationary period, which the ODC finds additional misconduct after an investigation are to be treated in a summary fashion by the Office of the Disciplinary Counsel as probation violation matters, and (c) the Respondent will pay all costs and expenses associated with these proceedings.

## VII.

The Respondent acknowledges that his consent is freely and voluntarily rendered; he is not being subjected to coercion or duress; he is fully aware of the implication of submitting the consent; and he consents because he knows that if formal charges were prosecuted, he could not defend against them.

**WHEREFORE** the Office of Disciplinary Counsel and the Respondent jointly pray that the Louisiana Supreme Court favorably consider and approve this *Joint Petition for Consent Discipline* and render a finding that the discipline appropriate to address this matter is a:

one (1) year and one (1) day suspension, fully deferred, followed by two-years of probation subject to the following additional conditions: (a) regular audits of Respondent's IOLTA account during the period of probation to be performed by an accountant of Respondent's choosing, to be submitted semiannually to the Office of Disciplinary Counsel, in a format approved by ODC, with the cost and expense of the audits paid by Respondent; (b) Respondent agrees that any subsequent disciplinary complaints with alleged offenses arising during the probationary period are to be treated in a summary fashion by the Office of the Disciplinary Counsel as probation violation matters, and (c) the Respondent will pay all costs and expenses associated with these proceedings.

Respectfully Submitted,

BY: _____
P. DAVID CAROLLO
(Bar Roll No. 03931)
*Respondent*
2228 2nd Street
Slidell, LA 70458
(985) 643-8223

BY: _____
ROBIN K. MITCHELL
(Bar Roll No. 38052)
*Deputy Disciplinary Counsel*
*Office of Disciplinary Counsel*
4000 S. Sherwood Forest Blvd., Ste. 607
Baton Rouge, LA 70816
Phone: (225) 293-3900

3

SUPREME COURT OF LOUISIANA

IN RE: CONFIDENTIAL PARTY

DOCKET NO.: _____

## JOINT MEMORANDUM IN SUPPORT OF CONSENT DISCIPLINE

MAY IT PLEASE THE COURT:

The Respondent is P. David Carollo, a 70-year-old Louisiana licensed attorney who was admitted to the practice of law in Louisiana on October 7, 1977. Respondent received an Admonition in 2001 for violation of Rule 3.3(a) Candor toward the tribunal.

### FACTUAL SUMMARY

The parties' stipulation of facts and rule violations is fully contained within the *Joint Stipulation of Facts* accompanying this memorandum and are more fully reflected in the various exhibits submitted herewith. However, for ease of consideration, a brief summary of operative facts and rule violations is contained below:

On March 6, 2018, ODC received two overdraft notices from Capital One Bank related to the client trust account maintained by Respondent. The first overdraft made payable to Respondent for $120.00 was returned on February 22, 2018. The second overdraft made payable to Respondent for $1,408.00 was returned on February 23, 2018. The ODC opened a formal complaint and requested trust account documentation from Respondent on several occasions; however, all documentation requested by ODC was either not provided or deemed "not available" per the Respondent.

The ODC conducted an analysis of Respondent's trust account transactions for September 2017 through February of 2018, using all documentation available to ODC. According to the ODC's audit, the Respondent commingled and converted the funds in his IOLTA client trust account and failed to properly document his records to ensure that he was managing his IOLTA trust account properly. The trust account was $435.99 short in order to honor the minimum balance at the end of the audit period; however, Respondent later earned and/or incurred the balance described, resolving the conversion. Respondent was also unable to provide support for hourly earnings and cost payments which results in potential for additional conversion. Respondent acknowledges commingling funds by depositing $14,259.00 of his own funds into the trust account

1

to keep his business running while he was in the hospital and routinely allowed credit card processing fees to be debited directly from the trust account.

This matter does not involve any client or third-party complaints to the ODC regarding Respondent's handling of funds. No discernable harm to any client or third-party was detected in connection with ODC's investigation of these matters.

## LAW AND ARGUMENT

This Honorable Court has provided much guidance in addressing mismanagement of a client trust account. This case is similar to the consent discipline matter of *In Re: Brignac*, 16-0952 (La. 06/03/2016), 193 So.3d 1168, where the Court unanimously approved a consent sanction of one-year and one-day suspension, fully deferred, plus two-years of supervised probation, for a lawyer who grossly mismanaged her trust account, was unable to provide sufficient documentation or explanation to track all transactions appearing in her trust account and where there were no client or third-party complaints.

*In re: Person*, 17-2159 (La. 03/02/2018), 237 So.3d 496 (six-month suspension, fully deferred, with two-years supervised probation, by consent, for mishandling trust account and entering into an improper business transaction with a client).

*In re: DeSalvo*, 15-DB-029 (07/25/2016), the Louisiana Attorney Disciplinary Board issued a public reprimand to a respondent for improperly maintaining his trust account; commingling client funds in his operating account; and improperly disbursing funds to clients from his trust account, on at least 24 separate occasions, before the settlement funds were available and, in some instances, before the funds had been deposited into the trust account.

*In re: Jackson*, 14-0185 (La. 02/21/2014), 133 So.3d 663 (one-year and one-day suspension, fully deferred, with two-years supervised probation, by consent, for commingling personal funds with client funds in client trust account and converting client and third-party funds).

*In re: Bell*, 14-0184 (La. 02/12/2014), 133 So.3d 660) (one-year and one-day suspension, fully deferred, with two-years supervised probation, by consent, for commingling personal funds with client funds in client trust account and converting client and third-party funds).

*In re: Spears*, 11-1135 (La. 09/02/2011), 72 So.3d 819 (one-year and one-day suspension, fully deferred, with two-years supervised probation for negligently failing to maintain adequate trust account records, commingling funds, and converting client and/or third-party funds).

2

*In re: Geiger*, 09-2344 (La. 02/12/2010), 27 So.3d 280 (one-year and one-day suspension, fully deferred, with two-years of probation for negligent conduct in giving non-lawyer employee access to accounts containing clients and third-party funds without imposing sufficient safeguards, thereby allowing employee to misappropriate those funds and cause attorney's trust account to be overdrawn on several occasions).

*In re: Laurent*, 02-2163 (La. 01/14/2003), 835 So.2d 430 (six-month suspension, fully deferred, with two-years of supervised probation for commingling earned fees in his trust account, and paying personal and office expenses with checks issued form his trust account; as a result of improper practice management).

*In re: Crooks*, 00-1359 (La. 06/23/2000), 767 So.2d 692 (one-year and one-day suspension, fully deferred, with two-years supervised probation, by consent, for improper use of client trust account on at least three occasions).

## CONCLUSION

The parties respectfully request that this Honorable Court give this matter favorable consideration. The Respondent has accepted full and complete responsibility for the circumstances and has stipulated that his actions violated the Rules of Professional Conduct and that discipline is appropriate.

Given the facts presented, the parties respectfully requests that this Honorable Court favorably consider the Petition for Consent Discipline and that the Respondent, P. David Carollo, be suspended from the practice of law for one (1) year and one (1) day suspension, fully deferred, followed by two-years of probation subject to the following additional conditions: (a) regular audits of Respondent's IOLTA account during the period of probation to be performed by an accountant of Respondent's choosing, to be submitted semiannually to the Office of Disciplinary Counsel, in a format approved by ODC, with the cost and expense of the audits paid by Respondent; (b) Respondent agrees that any subsequent disciplinary complaints received by the ODC during the probationary period, which the ODC finds additional misconduct after an investigation are to be treated in a summary fashion by the Office of the Disciplinary Counsel as probation violation matters; and (c) the Respondent will pay all costs and expenses associated with these proceedings.

Respectfully Submitted,

By: _____
P. DAVID CAROLLO
(Bar Roll No. 03931)
*Respondent*
2228 2nd Street
Slidell, LA 70458
(985) 643-8223

BY: _____
ROBIN K. MITCHELL
(Bar Roll No. 38052)
*Deputy Disciplinary Counsel*
*Office of Disciplinary Counsel*
4000 S. Sherwood Forest Blvd., Ste. 607
Baton Rouge, LA 70816
Phone: (225) 293-3900

4

SUPREME COURT OF LOUISIANA

IN RE: CONFIDENTIAL PARTY

DOCKET NO.: _____

## JOINT STIPULATIONS OF FACT

Now into these proceedings comes the Office of Disciplinary Counsel through undersigned Deputy Disciplinary Counsel and the Respondent, P. David Carollo (Bar Roll No. 03931), who stipulates the following facts in conjunction with the Joint Petition for Consent Discipline:

I.

The Respondent is **P. David Carollo**, a 70-year-old Louisiana licensed attorney who was admitted to the practice of law in Louisiana on October 7, 1977. Respondent received an Admonition in 2001 for violation of Rule 3.3(a) Candor toward the tribunal.

II.

The parties stipulate to the following applicable facts:

a. On March 6, 2018, ODC received two overdraft notices from Capital One Bank related to the client trust account maintained by David P. Carollo.

b. On February 22, 2018, check # 23462 for $120.00 made payable to Respondent was returned because of insufficient funds.

c. On February 23, 2018, check # 23458 for $1,408.00 made payable to Respondent was returned because of insufficient funds.

d. The ODC opened a formal complaint and requested trust account documentation from Respondent on several occasions; however, all documentation requested by ODC was either not provided or deemed "not available" per the Respondent.

e. The ODC conducted an analysis of Respondent's trust account transactions for September 2017 through February of 2018, using all documentation available to ODC.

f. Respondent commingled and converted the funds in his IOLTA client trust account and failed to properly document his records to ensure that he was managing his IOLTA trust account properly.

g. Respondent's trusts account was $435.99 short in order to honor the minimum balance at the end of the audit period; however, Respondent later earned and/or incurred the balance described resolving the conversion of $435.99.

h. Approximately $5000 (split between 13 separate matters) was identified as hourly advances and/or cost advances/reimbursements; however, Respondent was unable to provide support of the hourly earnings and cost payments which results in the potential for additional conversion. There have been no complaints concerning these balances.

i. Deposits totaling approximately $19,000.00 cannot be identified as fixed fees/advanced fees or earned/unearned fees because of the lack of records maintained by Respondent.

1

j.     Approximately $11,000.00 of the $19,000.00 appears to have been received from 11 individuals/clients, and are not part of any settlement proceeds.

k.     About $1,800.00 of the $19,0000 deposit represents funds received from Clerks of Court and it cannot be determined if these payments were due to Respondent or belong to clients of the Respondent.

l.     Approximately $6,000.00 appear to be personal funds improperly commingled in the trust account.

m.     Credit card processing fees were debited directly from the trust account.

n.     On October 31, 2017, five cashier's checks totaling $14,259.00 were deposited to the trust account. Mr. Carollo claims these were his personal funds used to keep his business running while he was in hospital; however, there were no specific disbursements that could identify the prompt removal of personal funds from the trust account.

o.     There have been no client complaints concerning fees or the balances in Respondent's trust account pertaining to this audit or analysis.

p.     Respondent's law practice consists of criminal law, family law and personal injury cases.

q.     The Respondent acknowledges that his conduct was in violation of Rule 1.1(f)(3)(4) and 1.15(A)(B)(C) of the Rules of Professional Conduct.

r.     The Respondent's violation of the Rules were violations of duties owed to the client, the public, the legal system, and the profession.

s.     The Respondent's conduct was knowing.

t.     There is one aggravating factor in this case:

        (i)     Substantial experience in the practice of law;

u.     The mitigating factors applicable to the Respondent are as follows:

        (b)     absence of a dishonest or selfish motive;

        (c)     personal or emotional problems (continuous health problems involving surgery during the time of the misconduct)

        (e)     full and free disclosure to disciplinary board or cooperative attitude toward proceedings;

v.     Respondent attended and successfully completed th LSBA's Trust Accounting School on January 23, 2020.

### III.

To bring about a final, appropriate resolution to these disciplinary proceedings, Respondent agrees with the Office of Disciplinary Counsel, and submits the accompanying *Joint Petition for Consent Discipline*, seeking imposition of a one (1) year and one (1) day suspension, fully deferred, followed by two-years of probation subject to the following additional conditions: (a) regular

2

audits of Respondent's IOLTA account during the period of probation to be performed by an accountant of Respondent's choosing, to be submitted semiannually to the Office of Disciplinary Counsel, in a format approved by ODC, with the cost and expense of the audits paid by Respondent; (b) Respondent agrees that any subsequent disciplinary complaints received by the ODC during the probationary period, which the ODC finds additional misconduct after an investigation are to be treated in a summary fashion by the Office of the Disciplinary Counsel as probation violation matters; and (c) the Respondent will pay all costs and expenses associated with these proceedings.

IV.

Each of the signatories to the *Joint Stipulation of Facts* has fully and completely read each of the above-numbered paragraphs in detail and stipulates that they are fully accurate and truthful in all respects.

Respectfully Submitted,

By: _____
P. DAVID CAROLLO
(Bar Roll No. 03931)
*Respondent*
2228 2nd Street
Slidell, LA 70458
(985) 643-8223

BY: _____
ROBIN K. MITCHELL
(Bar Roll No. 38052)
*Deputy Disciplinary Counsel*
*Office of Disciplinary Counsel*
4000 S. Sherwood Forest Blvd., Ste. 607
Baton Rouge, LA 70816
Phone: (225) 293-3900

**SUPREME COURT OF LOUISIANA**

**IN RE: CONFIDENTIAL PARTY**

DOCKET NO.: _____

**WAIVER OF OPPORTUNITY TO WITHDRAW**

NOW INTO THESE DISCIPLINARY PROCEEDINGS comes the Respondent, P. **DAVID CAROLLO** (Bar Roll No. 03931), who has submitted a *Joint Petition for Consent Discipline* in the above numbered and entitled cause. As a specific material consideration for the agreement, consent, and concurrence by the Office of Disciplinary Counsel, the Respondent specifically and irrevocably waives any opportunity to withdraw consent prior to the final disposition of these consent proceedings.

RESPECTFULLY SUBMITTED:

By: _____
P. DAVID CAROLLO
(Bar Roll No. 03931)
*Respondent*
2228 2nd Street
Slidell, LA 70458
(985) 643-8223

SUPREME COURT OF LOUISIANA

IN RE: CONFIDENTIAL PARTY

DOCKET NO.: _____

---

ORDER

---

Considering the Joint Petition for Consent Discipline submitted to this Court pursuant to provisions of Supreme Court Rule XIX §20;

**IT IS ORDERED** that P. DAVID CAROLLO (Bar Roll No. 03931) be and he is hereby suspended from the practice of law for a period of one (1) year and one (1) day suspension, fully deferred, followed by two-years of probation subject to the following additional conditions: (a) regular audits of Respondent's IOLTA account during the period of probation to be performed by an accountant of Respondent's choosing, to be submitted semiannually to the Office of Disciplinary Counsel, in a format approved by ODC, with the cost and expense of the audits paid by Respondent; (b) Respondent agrees that any subsequent disciplinary complaints with alleged offenses arising during the probationary period are to be treated in a summary fashion by the Office of the Disciplinary Counsel as probation violation matters.

**IT IS FURTHER ORDERED THAT** Respondent is to pay all costs and expenses associated with these disciplinary proceedings within thirty (30) days.

**THIS ORDER READ, RENDERED AND SIGNED** in New Orleans, Louisiana, this _____ day of _____, 2020.

_____
SUPREME COURT JUSTICE

# The Supreme Court of the State of Louisiana

IN RE: P. DAVID CAROLLO

No. 2020-B-00450

------

IN RE: Disciplinary Counsel - Applicant Other; P. David Carollo - Applicant Other; Joint Petition for Consent Discipline;

------

**May 14, 2020**

Joint petition for consent discipline accepted. See per curiam.

        JHB
        BJJ
        JLW
        JDH
        SJC
        JTG
        WJC

Supreme Court of Louisiana
May 14, 2020

_____
Clerk of Court
For the Court